IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DANIEL T. MAPLES, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE SOUNDVIEW HOME LOAN TRUST 2005-5 ASSET-BACKED CERTICATES, SERIES 2005-4, <br><br> Defendants. | Civil Action No. 7:13-CV-171 (HL) |

ORDER

Before the Court is the Motion to Dismiss Plaintiff's Complaint (Doc. 4) by Defendants Bank of America, N.A. ("Bank of America") and Deutsche Bank National Trust Company as Trustee for the Certificateholders of the Soundview Home Loan Trust 2005-5 Asset-Backed Certificates, Series 2005-4 ("Deutsche") (collectively "Defendants"). For the reasons stated below, the Court grants Defendants' motion in part and defers ruling on the remainder of the motion.

I.  **Motion to Dismiss Standard**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

Generally speaking, analyzing a motion to dismiss based on Rule 12(b)(6) is limited to reviewing the complaint and any attachments to it. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings…" even if it is actually the defendant who introduces such documents. Id. at 1369.

## II.     Factual Background

On June 29, 2005, Plaintiff Daniel Maples ("Plaintiff") became the owner of a house located 200 Ashley Street, Berlin, Georgia ("the Property"), which is where he currently resides. Attendant to purchasing the Property, Plaintiff executed a promissory note in favor of America's Wholesale Lender with a principal amount of $82,000.00 ("the Note"). He also executed a security deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for America's Wholesale Lender, and pledged the Property as collateral. America's Wholesale Lender subsequently transferred and assigned the Note to Bank of America, while MERS assigned the security deed to Deutsche. (Complaint, Doc. 1-1, ¶¶1, 6-10; Assignment of Security Deed, Ex. A to Defendants' Motion to Dismiss, Doc. 4-2).

"Plaintiff made monthly mortgage payments to" Bank of America until it began returning his payments. (Complaint, ¶10). The returned payments caused Plaintiff to go into default on the Note. When Plaintiff went into default, he was eligible to receive assistance under the Home Affordable Modification Program ("HAMP"), which afforded an opportunity for "the defendant"[1] to modify the terms of the Note to prevent foreclosure.[2] Plaintiff contacted "the defendant" on multiple occasions to see if it would accept his application to modify the terms of his mortgage. It responded by sending him a HAMP application form. Plaintiff completed the form and returned it to "the defendant" along with all of the supporting documents that were requested from him, but "the defendant" foreclosed on Plaintiff's property on July 2, 2013 even though it was still processing his HAMP application. As a result of the foreclosure and subsequent auction, "the defendant" became the legal owner of the Property. (Id. at ¶¶10-18; Deed under Power, Ex. 3 to the Complaint, Doc. 1-1).

---

[1] In Paragraphs 11 through 24, the Complaint ambiguously refers to "the defendant" or uses the pronoun "it" so that it is impossible to figure out which Defendant is under consideration. The difficulties such poor drafting creates for analyzing Defendants' motion to dismiss are addressed below. When this Order uses the term "the defendant," it is referring to the unidentified Defendant referenced in these paragraphs.

[2] The Complaint alleges that HAMP "required [the] lender to attempt various measures to modify" the loan, but this misstates the law. (¶11). By providing "incentives to loan servicers," HAMP "encourage[s]" them to modify loan terms for struggling homeowners, but it does not require them to do so. Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012).

Plaintiff sued Defendants in Georgia state court on November 14, 2013, and they removed the action to this Court on December 30, 2013. (Notice of Removal, Doc. 1). The Complaint alleges that Defendants are liable for wrongful foreclosure and breach of a contract to modify the Note under HAMP, and it asks for declaratory and injunctive relief as well as attorney fees. (Complaint, ¶¶19-24).

## III. Legal Analysis

### A. Claims against Deutsche

Although Deutsche joins in all of the arguments to dismiss the Complaint, which are addressed below, it also raises the defenses of insufficient process and insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) and (b)(5). Plaintiff has failed to respond to this argument, and there is no evidence that Deutsche has been served. Accordingly, all of Plaintiff's claims against Deutsche are dismissed without prejudice. *See* Federal Rule of Civil Procedure 4(m); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1131-32 (11th Cir. 2005) (recognizing district courts' discretion to dismiss an action if the defendant is not served within 120 days); Lawson v. ADT Sec. Servs., Inc., 899 F. Supp. 2d 1335, 1337-38 (M.D. Ga. 2012) (granting the defendant's motion for judgment on the pleadings under Rule 12(c) for some claims because the plaintiff's response did not defend them).

### B. Wrongful Foreclosure Claim

The Complaint's poor phrasing prevents the Court from analyzing the motion to dismiss this claim. The Complaint repeatedly refers to "the defendant" or "it" in sentences where it is unclear whether the reference is to Bank of America or Deutsche. (*See* ¶¶11-24). The federal pleading standard requires a plaintiff to draft his complaint in such a manner that will "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citation and quotation omitted). Plaintiff is ordered to file an amended complaint not later than July 3, 2014, that clarifies the precise action Bank of America, as opposed to any other entity, is alleged to have done. Failure to amend the Complaint by that date will subject it to dismissal.

### C. Breach of Contract Claim

Although the poor drafting of the Complaint also infects the breach of contract claim, the factual allegations of this claim still allow the Court to determine it must be dismissed. The Complaint alleges that one of the Defendants—again, which one is unclear—breached a contract with Plaintiff to process his HAMP application to have the terms of his mortgage modified. The problem with this claim is that, regardless of which Defendant might have been involved, no such contract existed, but even if it did, it was not breached.

To establish a breach of contract claim, Plaintiff must first allege the existence of a contract, requiring subject matter, consideration, and the parties' mutual assent to all essential terms. *See* Lamb v. Decatur Federal Sav. & Loan Ass'n, 201 Ga. App. 583, 585, 411 S.E.2d 527 (1991). He must then allege his own performance under the contract, Defendants' breach of the contract, and his damages from that breach. *See* Jones v. Central Builders Supply Co., 217 Ga. App. 190, 195-96, 121 S.E.2d 633 (1961).

The fatal flaw in Plaintiff's claim is that the Complaint does not allege that "the defendant" did anything more than send him a HAMP application form. (¶¶14-15). Plaintiff asserts that with this action "the defendant agreed to process the plaintiff's application in accordance with the terms of the Program," but the Court is not persuaded that merely providing Plaintiff with the application meant "the defendant" was agreeing to an essential term, namely to fully process the application. The allegation certainly does not indicate any agreement to postpone foreclosure until Plaintiff's application had been fully processed.

Furthermore, Plaintiff supplied no consideration that was sufficient to create an enforceable contract. The conclusory allegation that Plaintiff "provided the necessary consideration for creating a binding contract … by sending the defendant all the forms and other supporting documents it requested" is absurd on its face. (Complaint, ¶15). "To constitute consideration, a performance or a

return promise must be bargained for by the parties to a contract." O.C.G.A. § 13-3-42(a). Telling Plaintiff what information he would have to supply to complete an application does not mean "the defendant" desired, sought, or bargained for such an application from him. Quite to the contrary, the Complaint makes it clear that it was actually Plaintiff who was clamoring to submit his application. (¶¶13-14). Because Plaintiff did not provide any consideration, no contract was formed.

Even assuming some agreement was reached, there is no allegation either Defendant ever breached it. Clearly what is of chief concern to Plaintiff is that the foreclosure occurred before his HAMP application was fully processed. (*See* Complaint, ¶¶13-14). The problem is that the Complaint never alleges that either Defendant agreed to delay foreclosure while the application was being processed. Thus, foreclosing on Plaintiff's house while his application was pending did not breach a contract, even if one existed.

### D.    Request for Declaratory Relief

The request that "the Court issue[] a decree declaring the foreclosure void and that defendant lacked standing to foreclose on the subject property…" is dismissed. (Complaint, ¶24(a)). Plaintiff never responded to Defendants' motion to dismiss this request. *See* Lawson, 899 F. Supp. 2d at 1337-38.

### E. Requests for Injunctive Relief and Attorney Fees

Because Plaintiff's requests for injunctive relief and attorney fees rest on the merits of his substantive claims, the Court delays ruling on the motion to dismiss these requests until the Complaint is amended as outlined in Part III(B) of this Order. Failure to amend the Complaint by July 3, 2014, will result in the dismissal of the requests for injunctive relief and attorney fees.

## IV. Conclusion

Defendants' motion to dismiss the Complaint is granted in part, with the Court reserving ruling on the motion as applied to the remaining claims. All of Plaintiff's claims against Deutsche are dismissed. The breach of contract claim against Bank of America is dismissed along with the prayer for declaratory relief. However, the motion to dismiss the wrongful foreclosure claim and the requests for injunctive relief and attorney fees will remain pending.

Plaintiff is ordered to amend his Complaint as stated in this Order not later than July 3, 2014. If he fails to do so, his remaining claims will be dismissed. If Bank of America wishes to file a motion to dismiss any amended complaint, it must do so not later than July 10, 2014.

**SO ORDERED**, this the 18th day of June, 2014.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr