IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DANIEL T. MAPLES,<br><br>     Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE SOUNDVIEW HOME LOAN TRUST 2005-5 ASSET-BACKED CERTICATES, SERIES 2005-4,<br><br>     Defendants. | Civil Action No. 7:13-CV-171 (HL) |

ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 13) Plaintiff's Amended Complaint (Doc. 12). For the reasons stated below, the motion is granted. The Court had reserved ruling on a portion of Defendants' earlier Motion to Dismiss (Doc. 4) the Complaint as originally pled, allowing the Plaintiff the opportunity to amend his Complaint. This first motion to dismiss is now moot.

I.     **Motion to Dismiss Standard**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)).

## II. Factual Background

On June 29, 2005, Plaintiff Daniel Maples ("Plaintiff") became the owner of a house located at 200 Ashley Street, Berlin, Georgia ("the Property"), which is where he currently resides. Attendant to purchasing the Property, Plaintiff executed a promissory note in favor of America's Wholesale Lender with a principal amount of $82,000.00 ("the Note"). He also executed a security deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for America's Wholesale Lender, and pledged the Property as collateral. America's Wholesale Lender subsequently transferred and assigned the Note to Bank of America. (Amended Complaint, ¶¶1, 6-10).

"Plaintiff made monthly mortgage payments to" Bank of America until it began returning his payments. (Id. at ¶10). The returned payments caused Plaintiff to go into default on the Note. When Plaintiff went into default, he was eligible to receive assistance under the Home Affordable Modification Program ("HAMP"), which afforded an opportunity for Bank of America to modify the terms of the Note to prevent foreclosure. Plaintiff contacted Bank of America on multiple occasions to see if it would accept his application to modify the terms of his mortgage. It responded by sending him a HAMP application form. Plaintiff completed the form and returned it to Bank of America along with all of the supporting documents that were required for the application. He alleges that his

submission of a completed HAMP application created a binding contract with Bank of America in which it agreed to fully process his application in accordance with HAMP's terms. While Bank of America was processing Plaintiff's application, Defendant Deutsche National Bank Trust Company as Trustee for the Certificateholders of the Soundview Home Loan Trust 2005-4 Asset-backed Certificates, Series 2005-4 ("Deutsche") foreclosed on the Property on July 2, 2013.[1] As a result of the foreclosure and subsequent auction, Deutsche became the legal owner of the Property. (Id. at ¶¶10-18, 22).

Plaintiff sued Bank of America and Deutsche (collectively "Defendants") in Georgia state court on November 14, 2013, and they removed the action to this Court on December 30, 2013. (Notice of Removal, Doc. 1). Plaintiff alleges that Defendants are liable for wrongful foreclosure and breach of a contract to modify the Note under HAMP, and he asks for a declaratory judgment, injunctive relief, specific performance of the alleged contract with Bank of America, and attorney fees. (Amended Complaint, ¶¶19-24).

### III. Legal Analysis

#### A. Claims against Deutsche

In addition to joining in Bank of America's arguments for dismissing the Amended Complaint, Deutsche also raises the defenses of insufficient process

---

[1] Evidently MERS had assigned the security deed to Deutsche. (Assignment of Security Deed, Ex. A to Defendants' Motion to Dismiss, Doc. 4-2).

and insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) and (b)(5). Plaintiff has not provided evidence of having served Deutsche or otherwise addressed its defenses. Therefore, the motion to dismiss the Amended Complaint is granted with regard to the claims against Deutsche. *See* Federal Rule of Civil Procedure 4(m); Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1131-32 (11th Cir. 2005) (recognizing district courts' discretion to dismiss an action if a defendant is not served within 120 days); Lawson v. ADT Sec. Servs., Inc., 899 F. Supp. 2d 1335, 1337-38 (M.D. Ga. 2012) (granting the defendant's motion for judgment on the pleadings under Rule 12(c) for some claims because the plaintiff's response did not defend them).

### B. Wrongful Foreclosure Claim

The wrongful foreclosure claim against Bank of America is also dismissed. "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371 (2004). Because Plaintiff alleges that Deutsche, not Bank of America, foreclosed on his house, the Court fails to see how Bank of America can be liable for wrongful foreclosure.

### C.     Breach of Contract Claim

The Amended Complaint also falls short in alleging a breach of contract claim. For this claim, Plaintiff must first allege the existence of a contract, requiring subject matter, consideration, and the parties' mutual assent to all essential terms. *See* Lamb v. Decatur Federal Sav. & Loan Ass'n, 201 Ga. App. 583, 585 (1991). He must then allege his own performance under the contract, Bank of America's breach of the contract, and his damages from that breach. *See* Jones v. Central Builders Supply Co., 217 Ga. App. 190, 195-96 (1961).

Plaintiff has not adequately alleged the elements of a breach of contract claim. The allegations relating to the existence of a contract with Bank of America and its breach are highly conclusory. For instance, Plaintiff claims that he "provided the necessary consideration for creating a binding contract … by sending [Bank of America] all the forms and other supporting documentation the [bank] requested from…" him. (Amended Complaint, ¶15). "[C]onsideration is essential to a contract which the law will enforce," but to "constitute consideration, a performance or a return promise must be bargained for by the parties to a contract." O.C.G.A. §§ 13-3-40, 13-3-42; *see also* George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 992 (N.D. Ga. 1982). The Amended Complaint demonstrates that it was Plaintiff, not Bank of America, who was clamoring to submit a HAMP application, so in no sense could the bank be

said to have "bargained for" a completed application from Plaintiff. There being no consideration from Plaintiff, the contract fails, and the breach of contract claim must be dismissed.

  **D. Plaintiff's Remaining Requests**

Plaintiff's prayer for declaratory relief is dismissed. To obtain a declaratory judgment, "a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." Porter v. Houghton, 273 Ga. 407, 408 (2001) (citing Sapp v. ABC Credit & Inv. Co., 243 Ga. 151, 159 (1979)). A declaratory judgment action is improper "where the rights between the parties have already accrued, because there is no uncertainty as to the rights of the parties [or] risk as to taking future action." Thomas v. Atlanta Casualty Co., 253 Ga. App. 199, 201 (2001). Plaintiff has not alleged what future action he wishes to take against Defendants, and his rights against them, if any, have already accrued.

The request for injunctive relief is also denied. Plaintiff asks the Court to enjoin Defendants from transferring title to the Property. However, a preliminary injunction is "an extraordinary and drastic remedy not be granted unless the movant" shows, among other things, a substantial likelihood of prevailing on the merits of his case. Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.

1985). Since Plaintiff's substantive claims have been dismissed, he has not shown the need for a preliminary injunction.

Plaintiff's remaining requests must also be dismissed. He asks that the Court order specific performance of his purported contract with Bank of America, but, given that he has not adequately alleged the existence of such a contract, the Court declines to do so. Furthermore, the request for attorney fees must be denied because Plaintiff has not alleged conduct by Defendants that rises to the level of bad faith and his substantive claims have been dismissed.

## IV.   Conclusion

In light of the foregoing, Defendants' Motion to Dismiss the Amended Complaint (Doc. 13) is granted, and this case is dismissed without prejudice.

**SO ORDERED**, this the 10th day of November, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr